*Page 1 of 3*

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PEARLIE J. BROUGHTON,
    Plaintiff,

vs.                                  Case No. 3:05cv85/MCR/MD

DR. JOHN T. DEJONG, et al.,
    Defendant.

## **REPORT AND RECOMMENDATION**

      Plaintiff, appearing pro se, has filed a complaint against Dr. John T. Dejong and Dr. Reuben Timmons claiming professional neglect and incompetence that resulted in pain and suffering to her. Plaintiff has neither paid the $250.00 filing fee nor filed a motion for leave to proceed *in forma pauperis*. Requiring her to do so would not be in the interest of judicial economy, as it is clear that this court lacks jurisdiction over her complaint.

      Plaintiff contends in the complaint that she was referred to see Dr. Dejong by Workers Compensation, and that he in turn referred her to Dr. Timmons, a pain specialist. Plaintiff was treated by both physicians, as well as other doctors, for her back condition and Dr. Dejong performed surgery on plaintiff's back. Plaintiff was dissatisfied with the relief she received from both the surgery and the other treatment. She complains that Dr. Dejong refused to sign papers indicating that she was disabled, that she received insufficient pain medicine, and that she had to wait 45 minutes to an hour when she saw the defendant physicians in their offices.

      A federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *University of South Alabama v. American Tobacco Co.* 168 F.3d 405, 410 (11th Cir. 1999) (once a federal court determines

that it is without subject matter jurisdiction, the court is powerless to continue); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). The absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence. *Lovern*, 190 F.3d at 654 (citing *Gibbs v. Buck*, 307 U.S. 66, 72, 59 S.Ct. 725, 83 L.Ed. 1111 (1939)). The burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist. *Lovern*, 190 F.3d at 654 (citing *Thomas v. Gaskill*, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed.951 (1942); *Goldsmith v. Mayor & City Council of Baltimore*, 845 F.2d 61, 64 (4th Cir. 1988)).

Although plaintiff has filed her complaint on a civil rights complaint form, there is no basis for federal jurisdiction under either 42 U.S.C. § 1983 or 28 U.S.C. § 1331 or 1346. Furthermore, there can be no diversity jurisdiction as the plaintiff and both defendants reside in Pensacola. Diversity of citizenship is determined at the time a case is filed. *Freeport v. McMoRan, Inc.*, 498 U.S. 426, 111 S.Ct. 858, 860, 112 L.Ed.2d 951 (1991). Therefore, this court does not have the authority to consider the merits of the plaintiff's case.[1]

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for lack of subject matter jurisdiction and the clerk be directed to close the file.

At Pensacola, Florida, this 15TH day of March, 2005.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The fact that **this** court does not have jurisdiction should not be taken as an indication that plaintiff should not or may not bring her case in another forum.

*Case No: 3:05cv85/MCR/MD*

## NOTICE TO THE PARTIES

  **Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**